UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and
as the representative of a class of
similarly-situated persons

       Plaintiff,

v.                                                                              Case No:   2:17-cv-24-FtM-38CM

JACKSON HEWITT INC.,
JACKSON HEWITT
TECHNOLOGY SERVICES LLC,
ASTRO TAX SERVICES LLC,
JOHN DOES 1-5 and NAVEEN
MATHUR,

       Defendants.

## ORDER

This matter comes before the Court upon review of Astro Tax Services LLC's letter response to Plaintiff's Class Action Complaint (Doc. 21) filed on February 6, 2017. Because the letter requests that this action be dismissed, the Court construes it as a motion to dismiss. *Id.* Although Naveen Mathur is named as an individual defendant, he has signed the letter on behalf of Astro Tax Services LLC's. *Id.* It does not appear that Naveen Mathur has filed a response on his behalf.

According to Local Rule 2.03(e), a corporation may only appear and be heard through counsel admitted to practice in the Court pursuant to Local Rules 2.01 or 2.02. A corporation can never appear *pro se*. *Obermaier v. Driscoll*, No. 2:00-cv-

214-FtM-29D, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000). Because Astro Tax Services LLC is a corporate Defendant, it must be represented by counsel.

In accordance with Local Rule 2.03(e), the instant motion is denied without prejudice. Astro Tax Services LLC shall have up to and including March 6, 2017 to cause a Notice of Appearance be filed by the attorney to represent it *and* to respond to Plaintiff's operative complaint.[1] Astro Tax Services LLC is cautioned that absent a further extension upon a showing of good cause or excusable neglect,[2] failure to comply with this Order may result in sanctions, including entry of a Clerk's default and default judgment against it.

Furthermore, in an abundance of cation and because the individual Defendant Naveen Mathur seems to be appearing *pro se*, the Court will *sua sponte* extend his deadline to respond to the operative complaint **up to and including March 6, 2017**. Similarly, Naveen Mathur is cautioned that failure to comply with this Order may result in sanctions, including entry of a Clerk's default and default judgment against him.

---

[1] The Court notes that Plaintiff filed a First Amended Class Action Complaint on February 10, 2017. Doc. 22.

[2] Rule 6, Federal Rules of Civil Procedure, requires a showing of good cause when a party files a motion for extension of time before the original time or its extension expires. Fed. R. Civ. P. 6(b)(1)(A). Rule 6 "requires a showing of 'excusable neglect' for an extension of a passed deadline." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F.Supp.2d 1371, 1375 (M.D. Fla. 2009); Fed. R. Civ. P. 6(b)(1)(B).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Astro Tax Services LLC's letter response to Plaintiff's Class Action Complaint (Doc. 21) filed on February 6, 2017, which the Court construes as a motion to dismiss is **DENIED without prejudice**.

2. Astro Tax Services LLC shall have **up to and including March 6, 2017** to cause a Notice of Appearance be filed by the attorney to represent it *and* to respond to Plaintiff's First Amended Class Action Complaint.

3. Individual Defendant Naveen Mathur shall have **up to and including March 6, 2017** to respond to Plaintiff's First Amended Class Action Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of February, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record