UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and
as the representative of a class of
similarly-situated persons

   Plaintiff,

v.              Case No: 2:17-cv-24-FtM-38CM

JACKSON HEWITT INC.,
JACKSON HEWITT
TECHNOLOGY SERVICES LLC,
ASTRO TAX SERVICES LLC,
JOHN DOES 1-5 and NAVEEN
MATHUR,

   Defendants.

## ORDER

This matter comes before the Court upon review of: (1) the Unopposed Motion for Relief from Local Rule 4.04(b) (Doc. 32) filed on March 8, 2017; (2) Defendants Jackson Hewitt Inc. and Jackson Hewitt Technology Services LLC's Motion for Rule 16(a) Pretrial Conference (Doc. 37) filed on March 20, 2017; (3) and Defendant Jackson Hewitt Inc. and Jackson Hewitt Technology Services LLC's Amended Motion to Stay and Bifurcate Discovery and Incorporated Memorandum of Law (Doc. 42) filed on April 5, 2017.

Plaintiff filed a class action complaint against Jackson Hewitt Inc., Jackson Hewitt Technology Services LLC, Astro Tax Services LLC, John Does 1-5, and Naveen Mathur pursuant to the Telephone Consumer Protection Act ("TCPA") and

the Junk Fax Prevention Act ("JFPA"). Doc. 22 ¶ 2. Plaintiff's operative complaint, filed on February 10, 2017, alleges that he received an unsolicited facsimile from Defendants on or about December 23, 2016. *Id.* ¶ 14. Plaintiff also alleges that the facsimile did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200. *Id.* ¶ 19. Moreover, Plaintiff alleges that "[o]n information and belief, Defendants faxed the same and other unsolicited facsimiles without the required opt-out language to Plaintiff and at least 40 other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express invitation or permission . . ." *Id.* ¶ 17.

On March 20, 2017, Defendants Jackson Hewitt Inc. and Jackson Hewitt Technology Services LLC (collectively, the "Jackson Hewitt Defendants") filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Doc. 36. In their motion to dismiss, the Jackson Hewitt Defendants argue, among other things, that Plaintiff's amended complaint fails to allege facts related to each of the Defendants that would establish the individual liability of each or how one might be liable for a violation of the TCPA by another. Doc. 36 at 4-7. For instance, the amended complaint does not distinguish which of the Defendants sent the single facsimile but instead alleges all Defendants sent it. *Id.* Thus, the Jackson Hewitt Defendants argue that Plaintiff fails to allege that the Jackson Hewitt Defendants were the "sender" of the alleged facsimile or that the facsimile was sent on Jackson Hewitt's behalf. *Id.* at 10-15. Additionally, the Jackson Hewitt Defendants argue that Plaintiff fails to provide any factual

allegations to support its allegations that this case is appropriate for class treatment; instead, it merely recites the statute. *Id.* at 7-9.

The Jackson Hewitt Defendants request an order staying discovery pending a resolution of their motion to dismiss, and if Plaintiff's complaint survives the motion, bifurcating discovery into two phases: merits and class discovery. Doc. 42 at 1. In phase one, they propose that the parties have 90 days to conduct the limited discovery relevant to testing Plaintiff's claims—likely focusing on Jackson Hewitt's relationship to the facsimile—after which the Jackson Hewitt Defendants would move for summary judgment. Doc. 42 at 3. Then, if Plaintiff's claims survive summary judgment, the Jackson Hewitt Defendants propose that the case move to phase two, where the parties conduct all other discovery, including class discovery. *Id.*

In addition to arguing the sufficiency of its amended complaint, Plaintiff argues that bifurcation would unduly prejudice Plaintiff by prohibiting it from obtaining discovery on the allegation that the Jackson Hewitt Defendants sent more unsolicited faxes to it than just the facsimile attached to its amended complaint. Doc. 50 at 13. Plaintiff also argues that bifurcation would increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including depositions. *Id.* Moreover, Plaintiff asserts that bifurcation would needlessly extend the time in which Plaintiff could pursue class certification, which should be decided at the earliest practicable time. *Id.* (citing Fed. R. Civ. P. 23 (c)).

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.,* 123 F. 3d 1353 (11th Cir. 1983). Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.; Horsley v. Feldt,* 304 F. 3d 1125, 1131 n.2 (11th Cir. 2002). *Chudasama*, however, does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP,* 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Id.* (citing *In re Winn Dixie Stores, Inc.,* 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive

motion to see if it "appears to be clearly meritorious and truly case dispositive."  *Id.* (citation and internal quotation marks omitted).

Because there is a pending motion by the Jackson Hewitt Defendants challenging the legal sufficiency of Plaintiff's amended complaint,[1] which after taking a "preliminary peek" the Court finds meritorious, the Court will stay discovery pending a ruling on the motion to dismiss.  To be clear, the Court is not making a determination at this time on the merits of the Jackson Hewitt Defendants' dispositive arguments.  But, under the circumstances of this case, delaying discovery until the Court rules on whether Plaintiff has stated a viable cause of action will cause Plaintiff little harm.

Within a district court's discretion in managing its cases in order to ensure that the cases move to a timely and orderly conclusion falls the discretion to bifurcate discovery.  *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002); *Degutis v. Fin. Freedom, LLC*, No. 2:12-cv-319-FTM-38, 2013 WL 10207621, at *1 (M.D. Fla. Oct. 18, 2013) (citation omitted); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, at *1 (S.D. Fla. Nov. 27, 2012) (citing *Johnson v. Bd. of Regents of Univ. of Ga.,* 263 F.3d 1234, 1269 (11th Cir.2001).  There are several factors that the Court may consider.  *See Fed. Deposit Ins. Corp. v. Stewart Title Guar. Co.*, No. 8:12-CV-2244-T-17TBM, 2013 WL 12155010, at *2 (M.D. Fla. June 25, 2013) (holding that prevention of undue burden and

---

[1] Defendants Astro Tax Services LLC and Naveen Mathur also have filed a motion to dismiss. Doc. 45.

expense, convenience, the need to avoid prejudice, or to expedite and economize are appropriate factors for consideration in a motion to bifurcate discovery). The Court, however, declines to make a bifurcation determination at this time pending a ruling on the Jackson Hewitt Defendants' motion to dismiss the amended complaint. Accordingly, the Court exercises its discretion in staying discovery pending a ruling on the Jackson Hewitt Defendants' motion to dismiss the amended complaint, and will deny without prejudice the motion to bifurcate discovery until the Court rules on the motion to dismiss. For the same reasons, the Court grants Jackson Hewitt's Motion for Rule 16(a) Pretrial Conference, and will schedule same upon the Court's ruling on the pending motion to dismiss. Plaintiff's Unopposed Motion for Relief from Local Rule 4.04(b) also is due to be granted. The Court will address the new filing deadline for a motion for class certification at the scheduling conference.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Unopposed Motion for Relief from Local Rule 4.04(b) (Doc. 32) is **GRANTED**.

2. Defendants Jackson Hewitt Inc. and Jackson Hewitt Technology Services LLC's Motion for Rule 16(a) Pretrial Conference (Doc. 37) is **GRANTED.** The Court will separately notice a preliminary pretrial conference.

3. Defendant Jackson Hewitt Inc. and Jackson Hewitt Technology Services LLC's Amended Motion to Stay and Bifurcate Discovery and Incorporated Memorandum of Law (Doc. 42) is **GRANTED** in part in that all discovery is STAYED

pending a determination of the Jackson Hewitt Defendants' Motion to Dismiss Amended Class Action Complaint and Incorporated Memorandum of Law (Doc. 36), and the motion to bifurcate is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of June, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record