UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and as
the representative of a class of similarly-
situated persons,

        Plaintiff,

v.                                Case No:  2:17-cv-24-FtM-38CM

JACKSON HEWITT INC., JACKSON
HEWITT TECHNOLOGY SERVICES
LLC, ASTRO TAX SERVICES LLC,
JOHN DOES 1-5 and NAVEEN
MATHUR,

        Defendants.
_____/

**OPINION AND ORDER**[1]

      This matter comes before the Court on Jackson Hewitt Inc. and Jackson Hewitt

Technology Services LLC's Motion to Dismiss Amended Class Action Complaint (Doc.

36), to which Scoma timely filed a Memorandum in Opposition (Doc. 46) and Jackson

Hewitt Inc. and Jackson Hewitt Technology Services LLC timely filed a Reply (Doc. 51);

and Astro Tax Services LLC and Naveen Mathur's Motion to Dismiss Amended Class

Action Complaint (Doc. 45), to which Scoma timely filed a Memorandum in Opposition

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Doc. 48).  The motions are fully briefed and ripe for the Court's review.  Although Jackson Hewitt Inc. and Jackson Hewitt Technology Services LLC request oral argument, *see* Doc. 36 at 14, the Court has determined that oral argument would not aid its resolution of the motions.  For the following reasons, the Court grants the motions to dismiss.

## BACKGROUND

This is a junk fax case.  Scoma filed this action on February 10, 2017,  pursuant to the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("TCPA"), 47 U.S.C. § 227.  Scoma alleges that, on or about December 23, 2016, Jackson Hewitt Inc., Jackson Hewitt Technology Services LLC, Astro Tax Services LLC, Naveen Mathur, and John Does 1-5 transmitted by fax machine an unsolicited facsimile to Scoma.  (Doc. 22).  The fax consists of a one-page document describing a product of "Jackson Hewitt Tax Services."  (Doc. 22-1).  Scoma alleges that it had not given Defendants permission or express invitation to send the fax, and that Defendants faxed the same and other unsolicited facsimiles to it and others without the opt-out language and notice required by 47 C.F.R. § 64.1200.  Scoma subsequently brought the instant action in this Court.

## LEGAL STANDARD

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true.  *Speaker v. U.S. Dep't of Health & Human Servs.,* 623 F.3d 1371, 1379 (11th Cir. 2010).  To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (alteration in original) (citations and quotation marks omitted).

## DISCUSSION

### A. Violation of the TCPA

Scoma alleges in its First Amended Class Action Complaint (the "Complaint") that Defendants violated the TCPA by sending the unsolicited fax on December 23, 2016 to Scoma's fax number. The TCPA prohibits using "any telephone facsimile machine . . . to send, to a telephone facsimile machine, an unsolicited advertisement" unless certain criteria are met. 47 U.S.C. § 227(b)(1)(C). Scoma further alleges that none of the criteria were met here.

Jackson Hewitt Inc. and Jackson Hewitt Technology Services LLC (hereinafter, "Jackson Hewitt Defendants") argue that the Complaint must be dismissed pursuant to Rule 12(b)(6) because it fails to provide any notice of wrongdoing, fails to allege what role the Jackson Hewitt Defendants are alleged to have had in sending the unsolicited fax, and fails to allege what business relationship, if any, the Jackson Hewitt Defendants have with the other Defendants such that they can be held liable for their conduct. Astro Tax

Services LLC ("Astro") and Naveen Mathur make identical arguments.  Scoma contends that the Complaint meets the pleading requirements under the Federal Rules.

To state a claim for violation of the TCPA, a plaintiff must allege: (1) the fax is an advertisement; (2) the fax was unsolicited; and (3) the defendant(s) sent the fax to a telephone facsimile machine using a telephone facsimile machine, computer, or other device.  47 U.S.C. § 227(b)(1)(C).  An "unsolicited advertisement" within the meaning of the TCPA is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(a)(5). "Commercial" refers to the buying or selling of goods or services.  *Neurocare Inst. of Cent. Fla., P.A. v. Healthtap, Inc.*, 8 F. Supp. 3d 1362, 1367 (M.D. Fla. 2014).

Taking the allegations in the Complaint as true, the fax advertises "Express Refund Advance" through Jackson Hewitt Tax Services, and is therefore an advertisement within the meaning of the statute.  Accordingly, the first element is satisfied.  Scoma also alleges that it "did not give prior express invitation or permission to Defendants to send the fax." (Doc. 22 ¶ 16).  Thus, the Complaint alleges it was unsolicited, which meets the second element of a TCPA claim.  Finally, Scoma alleges that "Defendants used a telephone facsimile machine, computer, or other device to send an unsolicited facsimile to Plaintiff." (Doc. 22 ¶¶ 14, 31).  However, Scoma fails to adequately allege which Defendant was the "sender" of the fax, let alone provide factual support.  A "sender" within the meaning of the TCPA is the "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement."  47 C.F.R. § 64.1200(f)(10).

4

Here, the allegedly unsolicited fax describes a product of "Jackson Hewitt Tax Services," which is an entity not named in the Complaint.  Scoma fails to explain how—or even if—this entity is related to the Jackson Hewitt Defendants, or Astro or Mathur.  Nor does the Complaint contain factual allegations about what any of the Defendants allegedly did, with the exception of a single allegation as to Mathur.  Rather, the Complaint alleges that "Defendants" sent a fax, or one was sent on their behalf, and repeatedly refers to "Defendants" as a whole.  As to the only allegation specific to any Defendant, Scoma alleges that, "[o]n information and belief, Mathur approved, authorized and participated in the scheme to broadcast advertisements by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising the sending of the advertisements by fax; (c) creating and approving the form of advertisements to be sent; and (d) determining the number and frequency of the facsimile transmission."  (Doc. 22 ¶ 12).  Otherwise, the Complaint refers only to "Defendants" collectively and generally.  For example, Scoma alleges that, "[o]n information and belief, Defendants receive some or all of the revenues from the sale of the products, good and services advertised on [the fax], and Defendants profit and benefit from the sale of the products, goods and services advertised on [the fax]."  (Doc. 22 ¶ 15).  Courts have found similar allegations insufficient to state a plausible claim against multiple defendants under the TCPA.  *See, e.g.*, *Arkin v. Innocutis Holdings, LLC*, 188 F. Supp. 3d 1304, 1310 (M.D. Fla. 2016) (where complaint failed to reference one of the named defendants and plaintiff failed to show how goods advertised were that defendant's product, allegations that it received revenue from the product's sale, without more, were insufficient to state a plausible claim that this defendant was a "sender" under the TCPA).

Moreover, such "lumping together" of Defendants is improper and fails to provide enough specificity to permit each Defendant to identify what it is accused of doing and to defend itself.  *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (defining as a type of shotgun pleading "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions," but noting that "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which they rest."); *Schwanke v. JB Med. Mgmt. Solutions, Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 WL 78727, at *4 (M.D. Fla. Jan. 9, 2017) (dismissing similar TCPA allegations for failing to state a claim where complaint failed to differentiate between the conduct of each defendant and thus lacked factual specificity for defendants to know what they were accused of doing that made them liable for the fax); *Monacelli v. The UPS Store*, No. 2:08-cv-174-FtM-99SPC, 2009 WL 22773, at *3 (M.D. Fla. Jan. 2, 2009) (in non-TCPA case, granting motion to dismiss in part because the plaintiff "fail[ed] to specifically address how each defendant is individually responsible . . . and on what basis[.]").  Indeed, Scoma fails to allege that the Jackson Hewitt Defendants knew that the other named Defendants were sending a fax, or any other facts which, if true, would render the Jackson Hewitt Defendants liable for the others' conduct.  The same holds true for Astro and Mathur.

Many of the cases cited by Scoma in which courts denied motions to dismiss featured complaints with factual allegations far beyond the bare bones, conclusory allegations present here.  *See, e.g.*, *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 218 F.

6

Supp. 3d 1335, 1341 (M.D. Fla. Nov. 21, 2016) (finding complaint sufficiently stated a claim of strict direct-sender liability under the TCPA where the fax at issue actually and expressly advertised the services of the named underwriter defendants); *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, --- F. Supp. 3d ----, No. 2:16-cv-41-FtM-99MRM, 2017 WL 111580, at *1, 2 (M.D. Fla. Jan. 11, 2017) (rejecting similar "lumping" argument upon finding that complaint adequately stated claim of strict liability against MasterCard where the fax at issue advertised a MasterCard, and complaint alleged that MasterCard "provided substantial money . . . to market the card, and that MasterCard paid for, knew of, and permitted the fax broadcasting at issue[.]"); *Vinny's Landscaping, Inc. v. United Auto Credit Corp.*, 207 F. Supp. 3d 746, 747, 753 (E.D. Mich. 2016) (court could infer plausibility where, despite fax not mentioning two named defendants, in addition to general allegations regarding the conduct of "all defendants," the plaintiff alleged the specific business relationship among three defendants).  Accordingly, the Complaint will be dismissed without prejudice, and Scoma will be given an opportunity to replead consistent with the Federal Rules and this Order.

**B. Class Allegations**

The Jackson Hewitt Defendants argue that the class allegations in the Complaint do not comply with the requirements of Rule 8, Federal Rules of Civil Procedure, because they merely recite portions of the TCPA and allege wrongdoing "upon information and belief" without providing any factual support.  Scoma argues that specific facts regarding how many faxes were sent, the dates they were sent, and the number of putative class members that received faxes will be ascertained in discovery.

To satisfy Rule 8(a)(2), a complaint must give defendants fair notice of a plaintiff's claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. While detailed factual allegations are unnecessary, vague allegations of unlawful harm, without more, are insufficient. *Id.*; *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Here, the Complaint likely fails to comply with Rule 8, as it merely recites portions of the statute and completely lacks factual support for its allegations of years of unauthorized faxes sent to the putative class members. For example, as to class size, the Complaint alleges:

> Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

(Doc. 22 ¶ 21). Yet, there is nothing in the Complaint to support such allegation.

While *Twombly*'s plausibility standard does not preclude pleading based on "information and belief," the "belief" must be "based on factual information that makes the inference of culpability plausible." *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 1418607, at *5 (M.D. Fla. Mar. 27, 2015) (citing *Iqbal*, 556 U.S. at 678). The Complaint's allegations, which rely on Scoma's "information and belief" but completely lack any factual support, are insufficient to establish that faxes were sent to at least forty (40) other putative class members. Such conclusory, unsupported allegations and unwarranted deductions of fact need not be accepted as true at this stage, *Jean-Baptiste v. Bus. Law Grp., P.A.*, No. 8:16-cv-2027-T-33AEP, 2016 WL 4163574, at *6 (M.D. Fla. Aug. 4, 2016) ("[U]tilizing the phrase 'on information and belief' does not automatically preclude a plaintiff from meeting *Twombly's* standard[,]" but the Court "does

not have to take as true conclusory allegations made 'on information and belief.'") , and this Court has previously rejected similar, unsupported class allegations in TCPA cases. See *Daisy*, 2015 WL 1418607.

While dismissing class allegations at this stage of the case is considered an "extreme remedy" that is usually reserved for cases where it is apparent from the face of the complaint that class certification will be impossible regardless of the facts the plaintiff later may be able to prove, and that arguments as to the sufficiency of class allegations "are better suited as challenges to a motion for class certification, rather than as a basis for a motion to dismiss," *Wagner v. CLC Resorts and Devs., Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014), a plaintiff must ordinarily demonstrate some evidence in support of its class allegations, *Palm Beach Golf Center-Boca, Inc. v. Sims*, 311 F.R.D. 688, 694 (S.D. Fla. 2015). As this Court has previously explained in addressing nearly verbatim class allegations,

> [the Plaintiff] plead that the class size was about forty (40) in number. [It] also argues that the number of facsimiles, the time and date they were sent, and the names of the recipients are peculiarly held within the Defendant['s] possession and control and can be ascertained via discovery. However, [the plaintiff] provides no factual basis other than reciting the elements of a class action and stating it believes forty (40) other businesses received the same facsimiles it received….
>
> Some Courts have allowed complaints to survive a motion to dismiss based upon an information and belief statement in a pleading, however, those courts had a better defined factual basis to support their determination than [the Plaintiff] provides in its Complaint. In this instance, the Plaintiff does not provide the Court with any factual basis other than a speculation based upon the Plaintiff's information and belief that some forty other business also received the alleged facsimiles in violation of the TCPA.

*Daisy*, 2015 WL 1418607, at *6.  To be clear, the Court is not deciding the propriety of class certification at this stage.  Rather, because Scoma will be permitted to file a second amended complaint to address the deficiencies outlined in Part A, *supra*, the Court will also direct Scoma to include additional factual information to support the basis for the proposed class, if available.

Accordingly, it is now

**ORDERED:**

1.     Defendants Jackson Hewitt Inc. and Jackson Hewitt Technology Services LLC's Motion to Dismiss Amended Class Action Complaint (Doc. 36) and Defendants, Astro Tax Services LLC and Naveen Mathur's Motion to Dismiss Amended Class Action Complaint (Doc. 45) are **GRANTED**.

2.     The Amended Class Action Complaint (Doc. 36) is **DISMISSED without prejudice**.

3.     Scoma shall file a second amended complaint on or before **August 14, 2017**.  **Failure to do so may result in dismissal of this case with prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of July 2017.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record