UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and
as the representative of a class of
similarly-situated persons

        Plaintiff,

v.                                         Case No:  2:17-cv-24-FtM-38CM

JACKSON HEWITT INC.,
JACKSON HEWITT
TECHNOLOGY SERVICES LLC,
ASTRO TAX SERVICES LLC,
JOHN DOES 1-5 and NAVEEN
MATHUR,

        Defendants.

## ORDER

This matter comes before the Court upon review of Defendant Jackson Hewitt Inc.'s Second Motion to Stay and Bifurcate Discovery and Incorporated Memorandum of Law (Doc. 76) filed on August 28, 2017.

In reviewing this Motion, the Court finds itself back at the place where it began. Plaintiff initially filed a class action complaint against Jackson Hewitt Inc. ("Jackson Hewitt"), Jackson Hewitt Technology Services LLC ("JH Tech"), Astro Tax Services LLC ("Astro Tax"), John Does 1-5, and Naveen Mathur ("Mathur") (collectively, "Defendants") pursuant to the Telephone Consumer Protection Act ("TCPA") and the Junk Fax Prevention Act ("JFPA") on January 13, 2017. Doc. 1. Plaintiff amended its Complaint on February 10, 2017. Doc. 22. The Complaint

alleged that Plaintiff received an unsolicited facsimile from Defendants on or about December 23, 2016. *Id.* ¶ 14. Plaintiff also alleged that the facsimile did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200, and that at least 40 other recipients were sent the same advertisement. *Id.* ¶¶ 17, 19.

Jackson Hewitt and JH Tech responded to Plaintiff's Amended Complaint by filing a Motion to Dismiss on March 20, 2017. Doc. 36. This was followed closely by a Motion to Stay and Bifurcate Discovery filed on March 29, 2017 (Doc. 40) and amended on April 5, 2017 (Doc. 42). On April 13, 2017 Astro Tax and Mathur also filed a Motion to Dismiss. Doc. 45. On June 26, 2017 the Court granted in part Jackson Hewitt and JH Tech's Motion to Stay and Bifurcate Discovery, staying discovery pending a determination on the pending motions to dismiss and denying without prejudice the Motion to Bifurcate pending the same. Doc. 60 at 6-7. Subsequently, the Honorable Sheri Polster Chappell granted the pending motions to dismiss and dismissed Plaintiff's First Amended Complaint without prejudice. Doc. 63.

On August 14, 2017 Plaintiff filed its Second Amended Complaint. Doc. 69. Jackson Hewitt, Astro Tax and Mathur again responded by filing motions to dismiss. Docs. 75, 77. Jackson Hewitt also filed the instant motion. Doc. 76. In its second Motion to Dismiss, Jackson Hewitt argues, as it did previously, that Plaintiff's Second Amended Complaint "improperly lumps the three defendants together without specifying the acts or omissions each allegedly committed or how one might be liable for a violation of the TCPA by another." *Id.* at 6-9. Jackson Hewitt also argues that

once again Plaintiff fails to allege that Jackson Hewitt was the "sender" of the alleged facsimile or that the facsimile was sent on Jackson Hewitt's behalf. *Id.* at 9-16. Finally, Jackson Hewitt argues that Plaintiff fails to provide any factual allegations to support its claims that this case is appropriate for class treatment. *Id.* at 20-23.

Based on the above, Jackson Hewitt filed its Second Motion to Stay and Bifurcate Discovery, where it again requests an order staying discovery pending resolution of its Motion to Dismiss. Doc. 76 at 3. If Plaintiff's complaint survives, Defendant requests that the Court bifurcate discovery into two phases. Doc. 76 at 4. In phase one, Jackson Hewitt proposes 90 days for limited discovery relevant to testing Plaintiff's claims. *Id.* Then, if Plaintiff's claims survive summary judgment, Jackson Hewitt proposes that the case move to phase two, where the parties conduct all other discovery, including class discovery. *Id.*

Plaintiff's Response to Defendants' Second Motion to Stay and Bifurcate similarly mirrors its response to Defendants' first motion for the same. Once again, Plaintiff defends its (Second) Amended Complaint, while arguing that Defendants' requested relief would cause undue prejudice and unwarranted delay. *See generally*, Doc. 80. Thus, the Court finds itself faced with substantially the same issues it was presented with when considering Jackson Hewitt and JH Tech's prior Motion to Stay and Bifurcate Discovery. *Compare* Docs. 36, 42, 50 *with* Docs. 75, 76, 80.

As the Court noted in its previous Order (Doc. 60), District courts have broad discretion when managing their cases in order to ensure that the cases move to a

timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.,* 123 F. 3d 1353 (11th Cir. 1983). Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.; Horsley v. Feldt,* 304 F. 3d 1125, 1131 n.2 (11th Cir. 2002). *Chudasama*, however, does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP,* 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Id.* (citing *In re Winn Dixie Stores, Inc.,* 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the Court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.*

(citation and internal quotation marks omitted).

Because there is a pending motion by Jackson Hewitt challenging the legal sufficiency of Plaintiff's amended complaint,[1] which after taking a "preliminary peek" the Court finds meritorious, the Court will again stay discovery pending a ruling on the motion to dismiss. As the Court noted in its previous Order (Doc. 60), the Court is not making a determination at this time on the merits of the Jackson Hewitt Defendants' dispositive arguments; however, based on its review of the relevant pleadings and motions, the Court finds that delaying discovery until the Court rules on whether Plaintiff has stated a viable cause of action will cause Plaintiff little harm and promote judicial efficiency. For the reasons discussed in its previous Order (Doc. 60), the Court will again decline to make a bifurcation determination pending a ruling on Jackson Hewitt's Motion to Dismiss the Second Amended Complaint.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant Jackson Hewitt Inc.'s Second Motion to Stay and Bifurcate Discovery and Incorporated Memorandum of Law (Doc. 76) is **GRANTED in part** in that all discovery is **STAYED** pending a determination of the Jackson Hewitt's Motion to Dismiss Second Amended Class Action Complaint and Incorporated

---

[1] Defendants Astro Tax Services LLC and Naveen Mathur also have filed a motion to dismiss. Doc. 77.

Memorandum of Law (Doc. 75), and the motion to bifurcate is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record