UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and as
the representative of a class of similarly-
situated persons,

        Plaintiff,

v.                                                    Case No:  2:17-cv-24-FtM-38CM

JACKSON HEWITT INC., ASTRO
TAX SERVICES LLC, and NAVEEN
MATHUR,

        Defendants.

_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant Jackson Hewitt Inc.'s Motion to

Dismiss Second Amended Class Action Complaint (Doc. 75), to which Scoma timely filed

a Memorandum in Opposition (Doc. 86), Jackson Hewitt timely filed a Reply (Doc. 90),

and Scoma timely filed a Sur-Reply (Doc. 91); and Defendants Astro Tax Services LLC

and Naveen Mathur's Motion to Dismiss Second Amended Class Action Complaint (Doc.

77), to which Scoma timely filed a Memorandum in Opposition (Doc. 87).  The motions

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or
websites.  These hyperlinks are provided only for users' convenience.  Users are
cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By
allowing hyperlinks to other websites, this Court does not endorse, recommend, approve,
or guarantee any third parties or the services or products they provide on their websites.
Likewise, the Court has no agreements with any of these third parties or their websites.
The Court accepts no responsibility for the availability or functionality of any hyperlink.
Thus, the fact that a hyperlink ceases to work or directs the user to some other site does
not affect the opinion of the Court.

are now fully briefed and ripe for the Court's review. For the following reasons, the motions to dismiss are denied.

## BACKGROUND

This is a junk fax case. Scoma sued on February 10, 2017, under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("TCPA"), 47 U.S.C. § 227. Scoma alleges that, on or about December 23, 2016, Defendants transmitted by fax machine an unsolicited advertisement to Scoma. (Doc. 69). The fax consists of a one-page document describing a product of "Jackson Hewitt Tax Services." (Doc. 69-1 at 2). Scoma alleges that it had not given Defendants permission or express invitation to send the fax, and that Defendants faxed the same and other unsolicited facsimiles to it and others without the opt-out language and notice required by 47 C.F.R. § 64.1200.

Following the first round of motions to dismiss, the Court granted the defendants' motions, dismissed without prejudice the prior complaint, and instructed Scoma to file a second amended complaint by August 14, 2017. (Doc. 63). Scoma's Second Amended Class Action Complaint ("SAC") (Doc. 69) was timely filed.

## LEGAL STANDARD

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (alteration in original) (citations and quotation marks omitted).

## DISCUSSION

### A. Violation of the TCPA

The SAC alleges that Defendants violated the TCPA, which prohibits using "any telephone facsimile machine . . . to send, to a telephone facsimile machine, an unsolicited advertisement" unless certain criteria are met, by sending the unsolicited fax on December 23, 2016 to Scoma's fax number. 47 U.S.C. § 227(b)(1)(C). To state a claim for violation of the TCPA, a plaintiff must allege: (1) the fax is an advertisement; (2) the fax was unsolicited; and (3) the defendant(s) sent the fax to a telephone facsimile machine using a telephone facsimile machine, computer, or other device. 47 U.S.C. § 227(b)(1)(C).

In dismissing the prior complaint, the Court determined that Scoma's allegations satisfied the first and second elements by sufficiently alleging that the fax was an advertisement and that the fax was unsolicited. See Doc. 63 at 4; 47 U.S.C. § 227(b)(1)(C). The Court held that the complaint failed, however, to allege with specificity which Defendant was the "sender" of the fax within the meaning of the TCPA because it

3

improperly lumped the Defendants together; failed to identify and explain the relationship between them; and failed to provide virtually any factual support.  See Doc. 63 at 4-7.

Jackson Hewitt contends that the SAC fails to remedy the prior defects.  It again argues that the SAC fails to provide notice of wrongdoing, in violation of Federal Rule of Civil Procedure 8, and fails to allege facts as to each Defendant that would establish Jackson Hewitt's liability.  Astro Tax Services LLC ("Astro") and Naveen Mathur make the same arguments.  By contrast, Scoma contends that the addition of more facts, a detailed explanation of the relationship between the Defendants, and specific allegations as to each Defendant have addressed the prior deficiencies.  The Court agrees.  For the same reasons stated in the Court's prior Order, the allegations in the SAC satisfy the first two elements of a claim for violation of the TCPA.  Accordingly, the Court turns its attention to the third element.

A "sender" within the meaning of the TCPA is the "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement."  47 C.F.R. § 64.1200(f)(10).  Here, the SAC still contains allegations directed at "Defendants" collectively and generally.  See Doc. 69 ¶¶ 19, 21, 23, 25, 40.  However, unlike the prior complaint, the SAC also contains allegations specific to each Defendant, see Doc. 69 ¶¶ 17-18, and describes in detail the relationship between the Defendants, supplemented by citations to the Franchise Agreement attached to the SAC (Doc. 69 ¶¶ 11-18).  According to Scoma, with support from the Franchise Agreement, advertising was done by Astro Tax and Mathur on behalf of Jackson Hewitt, and the advertisements featured Jackson Hewitt's goods or services.  These allegations track what the statute defines as a "sender" and are enough to rise the

possibility of relief above the speculative level.  *See, e.g.*, *Bais Yaakov v. Varitronics, LLC*, Civil No. 14-5008 ADM/FLN, 2015 WL 1529279, at \*5 (D. Minn. Apr. 3, 2015) (finding similar "on whose behalf" allegations as to the sender of the fax, "contextualized and colored by the Dealership Agreements" akin to the Franchise Agreement cited here, were sufficiently plausible to satisfy pleading requirements); *Vinny's Landscaping, Inc. v. United Auto Credit Corp.*, 207 F. Supp. 3d 746, 747, 753 (E.D. Mich. 2016) (court could infer plausibility where, despite fax not mentioning two of the named defendants, the plaintiff alleged the specific business relationship among the three defendants in addition to general allegations regarding the conduct of "all defendants").

The allegations in this case are also distinguishable from those in *Arkin v. Innocutis Holdings, LLC*, 188 F. Supp. 3d 1304, 1310 (M.D. Fla. 2016), in which the court held that allegations that a defendant received revenue from the product's sale, without more, were insufficient to state a plausible claim this defendant was a "sender" of the fax under the TCPA, and *Schwanke v. JB Med. Mgmt. Solutions, Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 WL 78727, at \*4 (M.D. Fla. Jan. 9, 2017), in which the court dismissed similar TCPA allegations for failing to state a claim where the complaint failed to differentiate between the conduct of each defendant.  Here, the additional factual allegations more closely align this case with those cited by Scoma in which courts have found that the allegations satisfied the plausibility standard and denied motions to dismiss.  *See, e.g.*, *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 218 F. Supp. 3d 1335, 1341 (M.D. Fla. Nov. 21, 2016) (finding complaint sufficiently stated a claim where the fax at issue advertised the services of the named underwriter defendants); *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, 232 F. Supp. 3d 1201, 1203, 1206 (M.D. Fla. 2017) (rejecting similar "lumping" argument

and finding that complaint adequately stated a claim against MasterCard where the fax at issue advertised a MasterCard and complaint alleged that MasterCard "provided substantial money . . . to market the card, and that MasterCard paid for, knew of, and permitted the fax broadcasting at issue[.]").

In particular, the Court finds persuasive a recent case from another division of this court, *Senior Care Group, Inc. v. Red Parrot Distribution, Inc.*, No. 8:17-cv-760-T-27TGW, 2017 WL 3288288 (M.D. Fla. Aug. 1, 2017), a TCPA case featuring the same plaintiffs' attorneys as this case and a complaint with similar allegations. In *Red Parrot*, the court denied the defendants' motion to dismiss upon concluding that the complaint sufficiently alleged defendants were "senders" of the fax at issue. There, the court noted that "[t]he 2008 Junk Fax Order also explains that the sender does not need to be the individual who actually sent the fax, only that the sender is the benefitting party." *Id.* at *2 (citing *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 23 F.C.C. Rcd. 15059, 15065 n. 49 (2008)). Within that framework, the court determined that the plaintiff's allegations that the fax was unsolicited and "an advertisement prominently displaying Defendant's name, the goods and services that it purveys, and its contact information[,]" in addition to allegations that the fax was "sent by or on behalf of the Defendants advertising products, goods and services of the Defendants during the Class Period[,]" satisfied the statutory definition of "sender" and its complaint survived dismissal. *Id.* Given the similarities between the allegations in *Red Parrot* and here, the Court agrees with the reasoning of its colleague and finds that, at this juncture, where it must accept all factual allegations as true and

6

draw all reasonable inferences in favor of Scoma, the SAC is sufficient to survive the motions to dismiss.

### B. Class Allegations

Jackson Hewitt again argues that the class allegations do not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure because they merely recite portions of the TCPA and allege wrongdoing "upon information and belief" providing no factual support. Scoma argues that specific facts regarding how many faxes were sent, the dates they were sent, and the number of putative class members that received faxes is information within the exclusive possession and control of Defendants, and thus will be ascertained in discovery.

To satisfy Rule 8(a)(2), a complaint must give defendants fair notice of a plaintiff's claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. While detailed factual allegations are unnecessary, vague allegations of unlawful harm, without more, are insufficient. *Id.*; *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). *Twombly*'s plausibility standard does not preclude pleading based on "information and belief"; however, the "belief" must be "based on factual information that makes the inference of culpability plausible." *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 1418607, at *5 (M.D. Fla. Mar. 27, 2015) (citing *Iqbal*, 556 U.S. at 678). The Complaint's allegations satisfy this standard.

Here, although the SAC again pleads "on information and belief," recites portions of the statute, and contains allegations of years of unauthorized faxes sent to the putative class members, it also includes additional allegations beyond the "bare bones" allegations

of the prior complaint.  In addressing that prior complaint, the Court noted: "To be clear, the Court is not deciding the propriety of class certification at this stage.  Rather, because Scoma will be permitted to file a second amended complaint to address the deficiencies . . ., the Court will also direct Scoma to include additional factual information to support the basis for the proposed class, if available."   (Doc. 63 at 10).

Scoma has therefore complied with the Court's directive.  This is not the "rare case" in which the propriety of class allegations is evident from the face of the pleadings and thus ripe for resolution at the dismissal stage.  Accordingly, the motions to dismiss are denied as they pertain to the class allegations of the SAC.  Any further challenges to the class allegations may be raised in opposition to any properly-filed motion for class certification.

Accordingly, it is now  **ORDERED:**

1.      Defendant Jackson Hewitt Inc.'s Motion to Dismiss Second Amended Class Action Complaint (Doc. 75) is **DENIED**.

2.      Defendants Astro Tax Services LLC and Naveen Mathur's Motion to Dismiss Second Amended Class Action Complaint (Doc. 77) is **DENIED**.

3.      The discovery stay is lifted.

4.      The parties shall have up to and including **December 29, 2017** to file an amended Case Management Report.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of December, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record