UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and
as the representative of a class of
similarly-situated persons

      Plaintiff,

v.                                                      Case No: 2:17-cv-24-FtM-38CM

JACKSON HEWITT INC.,
JACKSON HEWITT
TECHNOLOGY SERVICES LLC,
ASTRO TAX SERVICES LLC,
JOHN DOES 1-5 and NAVEEN
MATHUR,

      Defendants.

## ORDER

This matter comes before the Court upon review of Defendant Jackson Hewitt Inc.'s ("Hewitt") Third Motion to Bifurcate Discovery filed on January 9, 2018. Doc. 97. Hewitt seeks to bifurcate discovery into two phases, individual merits discovery and class discovery. *Id.* Plaintiff opposes the requested relief. Doc. 98.

On January 13, 2017, Plaintiff filed a Class Action Complaint against various Defendants including Hewitt under the Telephone Consumer Protection Act ("TCPA") and the Junk Fax Prevention Act ("JFPA"). Doc. 1. On February 10, 2017, Plaintiff filed a First Amended Class Action Complaint. Doc. 22. Defendants moved to dismiss this complaint, which United States District Judge Sheri Polster Chappell granted and dismissed the Amended Complaint without prejudice. Docs.

36, 45, 63. On August 14, 2017, Plaintiff filed a Second Amended Class Action Complaint, the operative complaint. Doc. 69. Plaintiff alleges that on December 23, 2016, Defendants sent an unsolicited facsimile to Plaintiff. *Id.* ¶ 19. Defendants again moved to dismiss the Second Amended Class Action Complaint, which Judge Chappell denied. Docs. 75, 77, 93.

While Defendants' motions to dismiss were pending, Hewitt twice moved to stay and bifurcate discovery. Docs. 42, 76. The undersigned twice stayed all discovery pending a determination of the motions to dismiss and denied without prejudice Hewitt's requests to bifurcate discovery. Docs. 60, 92. On December 11, 2017, when Judge Chappell denied Defendants' motions to dismiss the Second Amended Class Action Complaint, Judge Chappell lifted the discovery stay and directed the parties to file an amended Case Management Report. Doc. 93 at 8. On December 19, 2017, the parties filed a Case Management Report – Amended, indicating Plaintiff wishes to conduct Rule 23 class discovery first whereas Hewitt proposes to conduct individual discovery first and then file dispositive motions on individual issues. Doc. 94 at 1-2.

As both parties admit, a district court has broad discretion in managing its cases, including whether to bifurcate discovery. Docs. 97 at 8, 98 at 18-19. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002); *Degutis v. Fin. Freedom, LLC*, No. 2:12-cv-319-FTM-38, 2013 WL 10207621, at *1 (M.D. Fla. Oct. 18, 2013) (citation omitted); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, at *1 (S.D. Fla. Nov. 27, 2012) (citing *Johnson v. Bd. of*

*Regents of Univ. of Ga.,* 263 F.3d 1234, 1269 (11th Cir.2001). "Although . . . courts may elect to bifurcate class-certification discovery and merits discovery, courts may also decline to exercise that discretion." *Cabrera v. Gov't Emps. Ins. Co.*, No. 12–61390–CIV, 2014 WL 2999206, *8 (S.D. Fla. July 3, 2014). Courts are mindful of the Federal Rules of Civil Procedure, which allow broad discovery "in favor of once-and-for-all litigation as to all issues," so that "[s]uch wide access by all parties to matters touching all issues to be tried allows each side to prepare its case thoroughly and try it efficiently." *Ward v. Estaleiro Itajai S/A*, 541 F. Supp. 2d 1344, 1353 (S.D. Fla. 2008) (citing Fed. R. Civ. P. 26(b)(1)).

Hewitt seeks to first conduct discovery on the merits of Plaintiff's individual claim because after individual merits discovery, Hewitt argues it anticipates to file a meritorious motion for summary judgment. Doc. 97 at 1-2. Hewitt asserts the motion may resolve the entire case or streamline the proceedings because Plaintiff requested to receive a facsimile, and Defendants Astro Tax Services LLC and Naveen Mathur sent a facsimile to Plaintiff without Hewitt's approval or involvement. *Id.* at 2-6. Hewitt seeks not to bear unnecessary discovery costs until the Court rules on the merits of Plaintiff's individual claim against Hewitt. *Id.* at 6. Hewitt further argues bifurcating discovery will not prejudice Plaintiff. *Id.* 6-7. Plaintiff responds Hewitt's grounds for its anticipated motion for summary judgment lack merit. Doc. 98 at 7-18. Plaintiff further argues phasing discovery will prejudice it and unnecessarily delay this case because it will take approximately four to six months

until the Court rules on Hewitt's anticipated motion for summary judgment. *Id.* at 18-20.

The Court will deny Hewitt's motion to bifurcate discovery because the Court does not find bifurcated discovery will serve the interests of judicial economy. Hewitt's anticipated motion for summary judgment is based on two grounds: Plaintiff requested other Defendants to send a fax advertisement, and Hewitt is not a sender of the fax at issue within the TCPA. Doc. 97 at 3-6. The Court finds the merits of these grounds are not clear at this stage, and thus bifurcating discovery will not conserve resources of the parties or the Court.

First, Hewitt asserts it is not the sender of a fax because the fax at issue did not refer to any services to be provided by Hewitt, but still concedes the fax carried the service mark "Jackson Hewitt Tax Services." *Id.* at 5. Without ruling on the merits of this argument, the undersigned notes Judge Chappell's Opinion and Order addressed the definition of the "sender," stating "the sender does not need to be the individual who actually sent the fax, only that the sender is the benefitting party." Doc. 93 at 6 (citations and internal quotation marks omitted). Judge Chappell agreed with another court's holding that:

> the plaintiff's allegations that the fax was unsolicited and "an advertisement prominently displaying Defendant's name, the goods and services that it purveys, and its contact information[,]" in addition to allegations that the fax was "sent by or on behalf of the Defendants advertising products, goods and services of the Defendants during the Class Period[,]" satisfied the statutory definition of "sender" and its complaint survived dismissal.

*Id.* In a similar TCPA case, Senior United States District Judge John E. Steele also upheld the Federal Communications Commission's definition of the sender as "**one whose goods or services are promoted in the unsolicited fax may be held strictly liable under the TCPA for its transmission**, even absent a showing that the fax was sent on its behalf." *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, 232 F. Supp. 3d 1201, 1204 (M.D. Fla. 2017) (emphasis in original).

In addition, the parties have a factual dispute over whether Plaintiff requested other Defendants to send a fax because Plaintiff contends Hewitt did not have its prior invitation or permission to send a fax advertisement, and Hewitt's evidence supporting its claim is false. Doc. 98 at 8-9. Given the parties' factual and legal disputes, the Court cannot conclude Hewitt's likelihood of success on its anticipated motion for summary judgment is as clear and definitive as it argues.

Furthermore, Hewitt does not clearly establish how merits discovery would aid its future motion for summary judgment or it cannot bear the burden of class discovery at this stage. Doc. 97. Nothing prevents Hewitt from moving for early summary judgment, even if discovery is not bifurcated. If Hewitt finds discovery objectionable or burdensome, Hewitt is at its liberty to object, but it is not exempt from broad discovery rules. *Exemar v. Urban League of Greater Miami, Inc.*, No. 08-20463-CIV, 2008 WL 2645675, at *3 (S.D. Fla. June 26, 2008) ("The Federal Rules are designed to assure 'the just, speedy, and inexpensive determination of every action,' which does not necessarily mean that individual litigants are spared every possible burden or expense."). Without addressing the merits of the parties'

substantive claims, the Court finds Hewitt's hardship associated with class discovery does not outweigh the inconvenience to Plaintiff and the resulting delay of this case. *See id.* at *4. Thus, the Court will deny the motion to bifurcate discovery. Because certain deadlines in the amended Case Management Report (Doc. 94) had expired, the Court will adjust the deadlines and issue a Case Management and Scheduling Order accordingly.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant Jackson Hewitt Inc.'s Third Motion to Bifurcate Discovery (Doc. 97) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of April, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record